# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GERBER LIFE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-CV-40 CAS |
| ) | |
| PATRICK YATES, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on its own motion for review of plaintiff's complaint for the existence of subject matter jurisdiction. The Court will order plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction.

**I.     Background**

On January 11, 2019, plaintiff filed an interpleader complaint pursuant to 28 U.S.C. § 1335 against defendants Patrick Yates, Deborah Hart, Jeannette Stickler, Al Uhle, Corey Uhle, Joseph Uhle, Sean Uhle, Susan Uhle, Lauren Volkerding, and Anthony Bove. Doc. 1. Plaintiff alleges that on September 10, 1999 it issued policy number 09238591 (the "Policy") in the amount of $15,000 to insure the life of Ashley Yates (the "Insured"). Id. at 3. Plaintiff asserts that the "application for the Policy provides that 'unless otherwise requested, the parents of the Proposed Insureds shall be the beneficiaries,' and no other person was identified or designated as a beneficiary." Id. at 16. Plaintiff states the Insured died on October 31, 2017, and attached the death certificate to the interpleader complaint. Doc. 1-1. Plaintiff further states that the Insured's maternal aunt, Deborah Hart, who was appointed legal guardian of the Insured, submitted a claim for the Policy proceeds on

1

September 2, 2018. Doc. 1-2. A competing claim was submitted on November 14, 2018 by the Insured's father, Patrick Yates. Doc. 1-2. The Insured's mother predeceased the Insured. Doc. 1 at 4.

Two letters, dated February 4, 2019, were sent to plaintiff's counsel by defendants Albert Uhle and Susan Uhle confirming they have no claim of entitlement to the proceeds of the Policy. Doc. 25-1. Another letter, dated February 21, 2019, was sent to plaintiff's counsel by defendant Joseph Uhle, also confirming he did not have a claim to the proceeds of the Policy. Id.

On August 30, 2019, the Court ordered the Clerk of the Court to enter default against defendants Jeannette Stickler, Al Uhle, Corey Uhle, Joseph Uhle, Sean Uhle, Susan Uhle, Lauren Volkerding, and Anthony Bove pursuant to Federal Rule of Civil Procedure 55(a) for failure to file a timely answer or other response to the interpleader complaint. Doc. 28. The Clerk's Entry of Default was entered on September 5, 2019. Doc. 31. The only remaining defendants are Deborah Hart and Patrick Yates, who each filed an answer.

Plaintiff alleges it is an innocent stakeholder with respect to the Policy and is unable to determine who is entitled to the Policy proceeds without incurring the risk of being subject to costs and expenses in defending itself in multiple suits or the possibility of multiple payments for the amount due. Plaintiff requests the Court to: (1) issue an order directing it to deposit into the registry of the Court the disputed Policy proceeds of $15,000, plus interest and less $1500 in attorneys fees and costs; (2) dismiss plaintiff from this action with prejudice; and (3) issue a permanent injunction enjoining defendants and any other potential claimant from filing legal action against it in relation to the Policy.

**II.     Discussion**

"Interpleader is a procedural device that allows a party holding money or property,

concededly belonging to another, to join in a single suit two or more parties asserting mutually exclusive claims to the fund. In this way the stakeholder is freed from the threat of multiple liability." Acuity v. Rex, LLC, 296 F. Supp. 3d 1105, 1107 (E.D. Mo. 2017), aff'd, 929 F.3d 995 (8th Cir. 2019) (citing Gaines v. Sunray Oil Co., 539 F.2d 1136, 1141 (8th Cir. 1976)). An interpleader action may be brought pursuant to 28 U.S.C. § 1335 (statutory interpleader).

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). Statutes conferring diversity jurisdiction are to be strictly construed. Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992).

Federal law grants original jurisdiction to district courts in § 1335 interpleader actions where (1) there are adverse claims to money or property worth $500 or more, and where (2) there is "'minimal diversity,' that is, diversity of citizenship between two or more claimants[.]" State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 530 (1967) (citing 28 U.S.C. § 1335). Absent diversity of citizenship between two or more adverse claimants, this Court lacks jurisdiction under the interpleader statute. Id.

This Court acknowledges that "the statutory interpleader remedy is not limited to cases where there are actual competing claims," as "the United States Supreme Court has held that 'claimants' include individuals with potential claims because the text of section 1335 includes those who 'may claim' the interpleaded money[.]" Rubinbaum LLP v. Related Corporate Partners V, L.P., 154 F. Supp. 2d 481, 487 (S.D.N.Y. Feb. 16, 2001) (citing State Farm, 386 U.S. at 531-33). "Interpleader is therefore available to a stakeholder 'even though no action has been brought against it by some

or all of the potential claimants' as long as it can demonstrate that it 'has been or may be subjected to adverse claims.'" JPMorgan Chase Bank, N.A. v. Oklahoma Oncology & Hematology, P.C., 2007 WL 1428623, at *2 (S.D. Tex. May 11, 2007) (quoting Dunbar v. United States, 502 F.2d 506, 511 (5th Cir. 1974)). However, "[a] plaintiff is not entitled to the statutory interpleader remedy if the assertion that there are two or more adverse claimants is utterly baseless and made without good faith." Rubinbaum LLP, 154 F. Supp.2d at 487.

In the instant action, the only adverse claimants who have responded to the complaint, Deborah Hart and Patrick Yates, do not have diverse citizenship as they are both citizens of the State of Missouri. Therefore, the diversity requirement of statutory interpleader would not be met in this case and the Court would not have jurisdiction under § 1335. However, plaintiff also named as alleged potential claimants to the Policy defendants Jeannette Stickler (citizen of Missouri), Al Uhle (citizen of Florida), Corey Uhle (citizen of Missouri), Joseph Uhle (citizen of Florida), Sean Uhle (citizen of Colorado), Susan Uhle (citizen of Florida), Lauren Volkerding (citizen of Missouri), and Anthony Bove (citizen of Missouri). If these defendants are potential adverse claimants, their presence in this action would create minimal diversity under § 1335.

As previously stated, plaintiff's complaint alleges: "The application for the Policy provides that 'unless otherwise requested, the parents of the Proposed Insureds shall be the beneficiaries,' and no other person was identified or designated as a beneficiary." Compl. ¶ 16. Plaintiff also alleges that "the Insured's mother predeceased the Insured" and the Insured's father, Patrick Yates, is alive and has submitted a claim. Id. ¶¶ 17, 19. A copy of the Policy was not attached to the complaint and has not been entered into the record as an attachment to another filing.

Based on the allegations of the complaint, it is not evident that plaintiff had a good faith basis for including as adverse claimants defendants Jeannette Stickler, Al Uhle, Corey Uhle, Joseph Uhle,

4

Sean Uhle, Susan Uhle, Lauren Volkerding, and Anthony Bove in this interpleader action, as they are not the parents of the deceased Insured and plaintiff states that no other person, other than the parents, was designated as a beneficiary. Plaintiff's complaint does not allege any information, other than their citizenship, addressing how these defendants may have a colorable claim to the Policy proceeds. See JPMorgan Chase Bank, N.A., 2007 WL 1428623, at *2 (plaintiff must demonstrate the existence of adverse claimants with "colorable" claims to the money sought to be interpleaded); see also John Hancock Mut. Life Ins. Co. v. Beardslee, 216 F.2d 457, 461 (7th Cir. 1954) (claim of wife and tort claim of daughter to policy proceeds did not justify interpleader action where wife is the named beneficiary and any claim of the daughter against the proceeds "could not have changed the contract embodied in the policy of insurance."); 7 Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1704 (3d ed.) ("The primary test for determining the propriety of interpleading the adverse claimants and discharging the stakeholder . . . is whether the stakeholder legitimately fears multiple vexation directed against a single fund.") (emphasis added).

Thus, the Court will order plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. In order to make such a showing, plaintiff must demonstrate the factual basis of its good faith belief that diverse defendants Al Uhle, Joseph Uhle, Sean Uhle, and/or Susan Uhle may have colorable claims against the proceeds of the Policy at issue here. "The good faith standard is not 'onerous' and does not require a stakeholder to sort out the merits of the conflicting claims. Rather, in order to show good faith, a stakeholder must show 'a real and reasonable fear of exposure to double liability or the vexation of conflicting claims.'" Wells Fargo Bank, N.A. v. Misle, 2016 WL 10842590, at *3 (N.D. Cal. Sept. 8, 2016) (quoting Michaelman v. Lincoln Nat'l Life Ins. Co., 685 F.3d 887, 889, 894 (9th Cir. 2012)).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall show cause by **October 8, 2019**, why its complaint should not be dismissed for lack of subject matter jurisdiction by filing a response to this Court's Order. Failure to timely respond will result in the dismissal of this action without prejudice for lack of subject matter jurisdiction.

                                        **CHARLES A. SHAW**
                                        **UNITED STATES DISTRICT JUDGE**

Dated this   24th   day of September, 2019.