# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GERBER LIFE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-CV-40 CAS |
| ) | |
| PATRICK YATES, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Gerber Life Insurance Company's motion for leave to deposit interpleader funds, for injunction, discharge and dismissal with prejudice and recovery of fees and costs. Doc. 16. Among other relief, plaintiff seeks attorneys' fees and costs in the amount of $1500.00 for "reviewing the policy and file, preparing an interpleader complaint, effectuating service of ten defendants, communicating with some of the defendants and conferring with counsel for one defendant, and preparing [the] motion [for leave to deposit interpleader funds] and accompanying proposed order." Doc. 17. at 4. Counsel's request for attorneys' fees and costs is not accompanied by any information regarding the hours expended on the case, hourly rates, or an itemization detailing the costs (e.g., copy charges, mailing costs, etc.).

Under common law, it is within the Court's discretion to award reasonable attorney's fees to a disinterested stakeholder in an interpleader action from funds deposited in the Court registry. See Millers Mut. Ins. Ass'n v. Wassall, 738 F.2d 302, 304 (8th Cir. 1984). A disinterested stakeholder "should not ordinarily be out of pocket for the necessary expenses and attorney's fees" it incurred in filing the interpleader action. Hunter v. Federal Life Ins. Co., 111 F.2d 551, 557 (8th Cir. 1940). "In the usual case the fee will be relatively modest, inasmuch as all that is necessary is

the preparation of a petition, the deposit in court or posting of a bond, service on the claimants, and the preparation of an order discharging the stakeholder." Stonebridge Life Ins. Co. v. Litherland, 2011 WL 743753, at *2 (E.D. Mo. Feb. 23, 2011) (quoting 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1719 (3d ed. 1998)).

A fee award "should be limited to compensation for those services strictly related to the interpleader itself" and should not include attorney time "devoted to limiting the liability of their own client" or in briefing the attorney's fee issue. Equifax, Inc. v. Luster, 463 F. Supp. 352, 357 (E.D. Ark. Nov. 9, 1978), aff'd sub nom Arkansas Louisiana Gas Co. v. Luster, 604 F.2d 31 (8th Cir. 1979) (per curiam).

In the context of a statutory interpleader action this Court applies the lodestar method of determining a reasonable attorney fee from Hensley v. Eckerhart, 461 U.S. 424 (1983). See Stonebridge, 2011 WL 743753 at *3; see also 4 James Wm. Moore, et al., Moore's Federal Practice § 22.06 (3d ed. 2018) (federal law should apply to attorneys' fees issues in statutory interpleader cases). Under Hensley, "The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the *number of hours reasonably expended by the reasonable hourly rates*." Fish v. St. Cloud State Univ., 295 F.3d 849, 851 (8th Cir. 2002) (emphasis added) (citing Hensley, 461 U.S. at 433). The onus is on the party seeking the award to provide evidence of the hours worked and to support the rate claimed. Id. at 433. "The district court should also exclude from this initial fee calculation hours that were not reasonably expended." Hensley, 461 U.S. at 434. Once the lodestar amount has been determined, the Court may consider several other factors to determine whether the fee should be adjusted upward or downward, although "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." Hensley, 461 U.S. at 434 and n.9.

As for costs, allowable costs in most cases are limited to the categories set forth in 28 U.S.C. § 1920. Expenses not on the statutory list must be borne by the party incurring them. <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437 (1987). The Court must carefully scrutinize the claimed costs and the support offered for them. <u>Farmer v. Arabian American Oil Co.</u>, 379 U.S. 227, 232–33, 235 (1964); <u>Alexander v. National Farmers Org.</u>, 696 F.2d 1210, 1212 (8th Cir. 1982). Taxable costs include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts and interpreters under 28 U.S.C. § 1828.

Because plaintiff has not provided evidence of the hours worked, hourly rates, or prevailing rates, the Court is unable to perform a lodestar calculation to determine whether plaintiff's request for attorneys' fees is reasonable. Moreover, because plaintiff has not provided an itemized billing for the hours charged, the Court is unable to examine whether any of the hours charged were not strictly related to the interpleader, or were "excessive, redundant, or otherwise unnecessary." <u>Hensley</u>, 461 U.S. at 434. Moreover, plaintiff has not advised the Court how much of the $1500.00 it requested is attributable to costs and what exact costs were incurred. The Court is therefore unable to determine if the costs are allowable under 28 U.S.C. § 1920. The Court will direct plaintiff to supply this information.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Gerber Life Insurance Company shall file supporting documentation, including but not limited to itemized billing invoices, itemized costs, hourly rates, and affidavits with respect to its request for $1500.00 in attorneys' fees and costs, by **October 18, 2019**.

/s/ Charles A. Shaw
_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this ___11th___ day of October, 2019.