UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GERBER LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-40 CAS |
| | ) | |
| PATRICK YATES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Gerber Life Insurance Company's motion for leave to deposit interpleader funds, for injunction, discharge and dismissal with prejudice and recovery of fees and costs. Doc. 16. Defendants have not filed a response and the time to do so has passed. For the following reasons, the Court will grant plaintiff's motion for leave to deposit interpleader funds, for injunction, discharge and dismissal with prejudice, and recovery of court filing costs, and deny plaintiff's request for attorneys' fees as moot.

**I.    Background**

On January 11, 2019, plaintiff filed an interpleader complaint pursuant to 28 U.S.C. § 1335 against defendants Patrick Yates, Deborah Hart, Jeannette Stickler, Al Uhle, Corey Uhle, Joseph Uhle, Sean Uhle, Susan Uhle, Lauren Volkerding, and Anthony Bove. Doc. 1. Plaintiff alleges it is an innocent stakeholder with respect to life insurance policy number 09238591 (the "Policy") in the amount of $15,000 to insure the life of Ashley Yates (the "Insured"), and is unable to determine who is entitled to the Policy proceeds without incurring the risk of being subject to costs and expenses in defending itself in multiple suits or the possibility of multiple payments for the amount due. Plaintiff requests the Court to: (1) issue an order directing it to deposit into the registry of the

Court the disputed Policy proceeds of $15,000, plus interest and less $1500 in attorneys' fees and costs; (2) dismiss plaintiff from this action with prejudice; and (3) issue a permanent injunction enjoining defendants and any other potential claimant from filing legal action against it in relation to the Policy. On October 18, 2019, plaintiff withdrew its request for attorneys' fees, but maintained its request for costs in the amount of $400 for reimbursement of the court filing fee. Doc. 38.

Plaintiff alleges it issued the Policy on September 10, 1999. Plaintiff states the Insured died on October 31, 2017 and it attached the death certificate to the interpleader complaint. Doc. 1-1. Plaintiff further states the Insured's maternal aunt, Deborah Hart, who was appointed as the Insured's legal guardian, submitted a claim under the Policy on September 2, 2018. Doc. 1-2. A competing claim was submitted on November 14, 2018 by the Insured's father, Patrick Yates. Doc. 1-2. The Insured's mother predeceased the Insured. Doc. 1 at 4.

On August 30, 2019, the Court ordered the Clerk of the Court to enter default against defendants Jeannette Stickler, Al Uhle, Corey Uhle, Joseph Uhle, Sean Uhle, Susan Uhle, Lauren Volkerding, and Anthony Bove pursuant to Federal Rule of Civil Procedure 55(a) for failure to file a timely answer or other response to the interpleader complaint following service of summons and complaint. Doc. 30. The only remaining defendants are Deborah Hart and Patrick Yates, who each filed an answer.

On September 24, 2019, this Court issued an Order directing plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction ("Order to Show Cause"). Doc. 34. The Order cited to plaintiff's complaint, which alleges: (1) the Policy lists the parents of the Insured as beneficiaries; (2) the Insured's mother predeceased the Insured; and (3) the Insured's father is alive. As a result of these allegations and because a copy of the Policy was not attached to the pleadings, the Court found it was "not evident that plaintiff had a good faith basis for including

as adverse claimants defendants Jeannette Stickler, Al Uhle, Corey Uhle, Joseph Uhle, Sean Uhle, Susan Uhle, Lauren Volkerding, and Anthony Bove in this interpleader action, as they are not the parents of the deceased Insured and plaintiff states that no other person, other than the parents, was designated as a beneficiary." Id. at 4-5. The Order advised that if the defendants, other than Ms. Hart and Mr. Yates, did not have colorable claims against the proceeds of the Policy, minimal diversity between the defendants would not exist and this Court would not have subject matter jurisdiction over this action. Id. at 3-4.

On October 8, 2019, plaintiff filed a response to the Order to Show Cause. Doc. 35. Plaintiff states it added defendants Jeannette Stickler, Al Uhle, Corey Uhle, Joseph Uhle, Sean Uhle, Susan Uhle, Lauren Volkerding, and Anthony Bove in this interpleader action because they are relatives of the Insured who might have been entitled to the Policy proceeds. Plaintiff states it was "informed during the claims process that Yates had failed to provide consistent care, custody or support for the Insured since birth, and that Hart was the Insured's legal guardian." Id. at 3. Plaintiff cites to Missouri Revised Statues § 211.447, which provides that evidence of a parent's absence in a child's life may constitute grounds for termination of parental rights. Plaintiff also pointed to the language of the Policy, which states:

> Beneficiary: The beneficiary named in the application or in the last beneficiary designation filed with us will receive the proceeds. If two or more people are named beneficiaries, the proceeds will be paid to the person or persons who are alive when the benefit becomes payable. If more than one beneficiary is alive, the proceeds will be shared equally, unless otherwise specified. <u>If no beneficiary survives the Insured, the proceeds will be payable to the Insured's estate</u>.

Doc. 35-2 at 5 (emphasis added). Plaintiff explains that if Mr. Yates is found not to be a rightful beneficiary, then the Policy proceeds would be paid to the Insured's estate, which could have included her relatives in an intestate distribution.

3

**II.	Discussion**

**A. Deposit of Interpleader Funds**

"Interpleader is a procedural device that allows a party holding money or property, concededly belonging to another, to join in a single suit two or more parties asserting mutually exclusive claims to the fund. In this way the stakeholder is freed from the threat of multiple liability." Acuity v. Rex, LLC, 296 F. Supp. 3d 1105, 1107 (E.D. Mo. Oct. 30, 2017) (citing Gaines v. Sunray Oil Co., 539 F.2d 1136, 1141 (8th Cir. 1976)), aff'd, 929 F.3d 995 (8th Cir. 2019). An interpleader action may be brought pursuant to 28 U.S.C. § 1335 (statutory interpleader) or Rule 22 of the Federal Rules of Civil Procedure (rule interpleader). Id. "The same principles apply to both statutory and Rule 22 interpleader, and the only differences between the two involve procedural requirements such as jurisdiction, venue, service of process, and amount in controversy." Id. (citing Wittry v. Nw. Mut. Life Ins. Co., 727 F. Supp. 498, 500 (D. Minn. Nov. 14, 1989)).

Rule 67 of the Federal Rules of Civil Procedure governs plaintiff's request to deposit funds into the registry of the Court. Rule 67 provides in pertinent part:

> (a) Depositing Property. If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

Fed. R. Civ. P. 67(a).

Plaintiff's amended complaint and response to this Court's Order to Show Cause allege facts sufficient to show original jurisdiction pursuant to 28 U.S.C. § 1335, as there are (1) adverse claims to money or property worth $500 or more, and (2) "'minimal diversity,' that is, diversity of citizenship between two or more claimants" who have been added to this action in good faith as potential claimants to the insurance proceeds. See State Farm Fire & Cas. Co. v. Tashire, 386 U.S.

523, 530 (1967) (citing 28 U.S.C. § 1335). Plaintiff alleges an amount in controversy in the sum of $15,000 and named as alleged potential claimants to the Policy defendants Jeannette Stickler (citizen of Missouri), Al Uhle (citizen of Florida), Corey Uhle (citizen of Missouri), Joseph Uhle (citizen of Florida), Sean Uhle (citizen of Colorado), Susan Uhle (citizen of Florida), Lauren Volkerding (citizen of Missouri), Anthony Bove (citizen of Missouri), Deborah Hart (citizen of Missouri), and Patrick Yates (citizen of Missouri). The Court is satisfied with plaintiff's response to the Order to Show Cause that if Mr. Yates's parental rights to the Insured were terminated, the Insured's relatives might have had a colorable claim as to the Policy proceeds. Thus, the Court finds that plaintiff has satisfied the jurisdictional requirements under 28 U.S.C. § 1335.

Plaintiff further alleges it is in possession of the Policy proceeds and has received competing claims from the deceased Insured's father and her appointed guardian and aunt, Deborah Yates. The Court finds plaintiff is a neutral stakeholder and for good cause shown, grants plaintiff's motion to deposit the interpleader funds into the Registry of the Court. See Texas Life Ins. Co. v. Packman, 4:13-CV-2019 JAR (E.D. Mo. Feb. 11, 2014) (granting request for deposit of interpleader funds and directing Clerk, pursuant to Fed. R. Civ. P. 67, to deposit the funds in a money market account or other instrument at the prevailing rate of interest at a federally approved institution and requiring the Clerk to deduct an administrative registry fee).

Once the interpleader funds are deposited, plaintiff shall file a notice with the Court and shall submit a proposed order providing for its dismissal.[1] At that time, the plaintiff will be released and discharged from any further liability to any party in this action or arising out of the Policy and will

---

[1] In addition to filing the proposed order as a .pdf attachment to the notice, plaintiff must send a courtesy copy of the proposed order in a word processing format to the Court's proposed orders e-mail box, at MOED_Proposed_Orders@moed.uscourts.gov. See CM/ECF Procedures Manual, § II.J.

be dismissed from this action with prejudice. See New York Life Ins. Co. v. Apostolidis, 841 F. Supp. 2d 711, 720 (E.D.N.Y. Jan. 24, 2012) (dismissing stakeholder plaintiff and releasing from further liability after the funds are deposited into the Court's registry).

**B. Permanent Injunction**

Plaintiff additionally requests this Court to issue a permanent injunction to prevent defendants or any other claimant to the Policy, or their agents, attorneys, and assigns, from instituting or maintaining a legal proceeding against plaintiff in relation to the Policy. 28 U.S.C. § 2361 authorizes a district court to "enter [an] order restraining [claimants] from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action[.]"

"Absent self-restraint of the parties, the only way to ensure that there will not be overlapping litigation is to have the interpleader court issue an injunction against other proceedings." 4 James Wm. Moore et al., Moore's Federal Practice § 23.03[2][a] (3d ed. 2018); see also 7 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1717 (3d ed.) ("An injunction against overlapping lawsuits obviously is desirable to ensure the effectiveness of the interpleader remedy. It prevents a multiplicity of actions and reduces the possibility of inconsistent determinations or the inequitable distribution of the fund."). "Section 2361 enables a party meeting the requirements of Section 1335 to obtain a restraining order without following the procedures set forth in Rule 65, Fed. R. Civ. P., which normally governs the issuance of injunctive relief." Sotheby's, Inc. v. Garcia, 802 F. Supp. 1058, 1066-67 (S.D.N.Y. Sept. 30, 1992) (citing Fed. R. Civ. P. 65(e) ("These rules do not modify . . . the provisions of Title 28, U.S.C., § 2361")).

Here, a permanent injunction restraining the defendants and any other potential claimants from bringing suit against plaintiff with regard to the Policy is necessary to protect plaintiff from

overlapping litigations and to ensure the effectiveness of the interpleader remedy. The Court will grant plaintiff's request for a permanent injunction.

### C. Attorneys' Fees and Costs

Plaintiff's motion requested an award of reasonable attorneys' fees and costs in the amount of $1,500. Plaintiff partially withdrew its request on October 18, 2019, stating: "Given the amount of the benefit to be deposited with the Court's registry, and in interest of an expeditious ruling . . . Gerber Life waives and/or withdraws its request for an award of attorneys' fees and solely requests an award of costs for the $400 filing fee[.]" Doc. 38. Plaintiff submitted an affidavit and a receipt showing plaintiff's payment of the filing fee.

A request for costs expended is governed by Rule 54(d), Fed. R. Civ P., see 4 Moore's Federal Practice § 22.06; 28 U.S.C. § 1920. Allowable costs in most cases are limited to the categories set forth in 28 U.S.C. § 1920. Taxable costs include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts and interpreters. See 28 U.S.C. § 1920(1)-(6).

Fees of the clerk and marshal include filing fees. See Stonebridge Life Ins. Co. v. Litherland, 2011 WL 743753, at *4 (E.D. Mo. Feb. 23, 2011) (allowing plaintiff to recover filing fee and cost of a private process server). The Court finds plaintiff is entitled to reimbursement of its $400 filing fee and denies plaintiff's request for attorneys' fees as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Gerber Life Insurance Company's motion for leave to deposit interpleader funds, for injunction, discharge and dismissal with prejudice, and recovery of fees and costs is **GRANTED in part** and **DENIED in part**. [Doc. 16] The motion is denied as moot as to plaintiff's request for attorneys' fees and granted in all other respects.

**IT IS FURTHER ORDERED** that plaintiff shall, by check payable to the Clerk, U.S. District Court, deposit into the Court's registry the sum of fifteen thousand dollars ($15,000.00), plus any applicable claim interest, less four hundred dollars ($400.00) in costs, by **November 18, 2019**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall receive and deposit the funds in Government Account Series Securities held with the U.S. Treasury, at the prevailing rate of interest of such securities. The initial investment is subject to the collateral provisions of Treasury Circular 176.

**IT IS FURTHER ORDERED** that the Clerk of Court shall deduct the administrative registry fee, set by the Director of the Administrative Office of the U.S. Courts at ten percent of the interest earned or as indicated based on the amount and time of deposit into the Court, without further order of the Court. Said fee is authorized by the Judicial Conference of the United States.

**IT IS FURTHER ORDERED** that upon payment of the funds to the Clerk of the Court plaintiff shall file a notice with the Court and shall submit a proposed order providing for its dismissal and release from any further liability to any party in this action or arising out of the Policy. The Court will consider the proposed order and will dismiss plaintiff from this action with prejudice.

**IT IS FURTHER ORDERED** that defendants, or any other claimant to the Policy, and their agents, attorneys, and assigns are **permanently enjoined** from instituting or maintaining any additional federal, state, or any other action or proceeding against plaintiff, as well as its past, present, and future parents, subsidiaries, affiliates, successors, assignees, agents, producers, servants, employees, officers, directors, principals, representatives, attorneys, and insurers with respect to the life insurance policy issued on the life of Ashley Yates, identified by policy number 09238591.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this ___22nd___ day of October, 2019.